JEFFREY H. DAVIDSON (STATE BAR NO. 73980)
H. ALEXANDER FISCH (STATE BAR NO. 223211)
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars
12th Floor
Los Angeles, CA 90067
Telephone: (310) 228-5600
Telecopy: (310) 228-5788

Attorneys for Defendant
Canyon Springs Shopping Center, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>EZRI NAMVAR, an individual,<br><br>Debtor,<br><br>R. TODD NEILSON, solely in his capacity as chapter 11 trustee for the estate of EZRI NAMVAR,<br><br>Plaintiff,<br><br>v.<br><br>CANYON SPRINGS SHOPPING CENTER, LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:08-bk-32349-BR<br><br>Chapter 11<br><br>2:11-ap-01303-BR<br><br>**ANSWER TO TRUSTEE'S COMPLAINT AND OBJECTIONS TO CLAIM NOS. 141-1 AND 142-1** |

548770v1

Defendant, Canyon Springs Shopping Center, LLC ("Canyon Springs" or "Defendant"), through its undersigned counsel, hereby responds to the numbered paragraphs of the Amended Complaint to Avoid and Recover Fraudulent Transfers; and Objections to Claim Nos. 141-1 and 142-1 (the "Complaint") of R. Todd Neilson, chapter 11 trustee (the "Trustee") for the estate of Ezri Namvar (the "Debtor") in this adversary proceeding (the "Proceeding") as follows:

1. Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, except that Defendant admits that it is the obligee on a note payable by Namco Capital Group, Inc. ("Namco") in the principal amount of $6,198,506.65.

2. Admits the first sentence of paragraph 2 of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 2 of the Complaint, except admits that Canyon Springs received a pledge of the membership interests in Parox, LLC as security; denies each and every allegation set forth in the remainder of paragraph 2 of the Complaint.

3. Admits that the Plaintiff purports to seek the relief set forth in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in the first, second, and third sentences of paragraph 4 of the Complaint; neither admits nor denies the allegations set forth in remainder of paragraph 4 of the Complaint, which purport to state conclusions of law as to which no response is required.

5. Neither admits nor denies the allegations set forth in paragraph 5 of the Complaint, which purport to state conclusions of law as to which no response is required.

6. Neither admits nor denies the allegations set forth in paragraph 6 of the Complaint, which purport to state conclusions of law as to which no response is required.

## PARTIES

7. Admits.

8. Admits.

**FACTUAL BACKGROUND**

**A.    The Namvar Bankruptcy Case**

9.    Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint

**B.    Related Bankruptcy Case**

10.    Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint

**C.    The Canyon Springs Note and Security Agreement**

11.    Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except admits that Namco Financial Exchange ("NFE") acted as a qualified intermediary for effectuating exchanges under section 1031 of the Internal Revenue Code.

12.    Denies the allegations set forth in paragraph 12 of the Complaint, except admits that, in June 2007, Canyon Springs sold its interests in a limited liability company and a portion of the proceeds of such sale was paid to NFE to be held for the benefit of Canyon Springs to effectuate a section 1031 exchange.

13.    Neither admits nor denies the allegations set forth in the second sentence of paragraph 13 of the Complaint, which purport to state conclusions of law as to which no response is required; denies knowledge sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 13 of the Complaint, except admits that Canyon Springs did not designate a property for use in a section 1031 exchange and that NFE did not remit $6.2 million to Canyon Springs.

14.    Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.    Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 15 of the Complaint; denies the remainder of the allegations set forth in paragraph 15 of the Complaint.

3

548770v1

16. Admits that Canyon Springs received a note titled *Amended and Restated Secured Promissory Note* (the "Note") on or about July 29, 2008, and that such Note reflected Namco's promise to pay Canyon Springs the principal sum of $6,198,506.65, plus interest accruing at the rate of eight percent per annum; that the Complaint attaches as Exhibit 1 what purports to be a copy of the Note; denies knowledge sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 16 of the Complaint

17. Admits that the Complaint attaches as Exhibit 2 what purports to be a copy of the *Assignment and Security Agreement* (the "A&S Agreement") and that the document marked as Exhibit 2 to the Complaint is entitled *Assignment and Security Agreement*, is dated July 29, 2008, states that Ezri Namvar and Ilana Namvar, as Trustees of the Namvar Family Trust dated December 5, 1994, Beshmada, LLC, a California limited liability company, Homayoun Namvar, and Ramin Namvar (collectively, the "Assignors") collectively own 82% of the membership interests in Parox LLC, a California limited liability company, and that the Assignors pledge their membership interests to Canyon Springs as security for the performance of Namco Capital Group, Inc.; denies knowledge sufficient to form a belief as to the truth of the allegations set forth in footnotes 2, 3, and 4 to the Complaint; neither admits nor denies the allegations set forth in the remainder of paragraph 17 of the Complaint, which purport to state conclusions of law as to which no response is required.

18. Admits.

19. Denies each and every allegation of paragraph 19.

20. Admits that Canyon Springs received a guaranty from Ezri Namvar of repayment of the Note; that the Complaint attaches as Exhibit 3 what purports to be a copy of the guaranty by Ezri Namvar in favor of Canyon Springs and that the document marked as Exhibit 3 to the Complaint is entitled *Guaranty* and is dated July 29, 2008; denies the third sentence of paragraph 20 of the Complaint.

**D.    Claim Nos. 141-1 and 142-1**

21. Admits that on or about November 12, 2009, Canyon Springs filed a proof of claim in the chapter 11 bankruptcy case titled *In re Ezri Namvar*, case number 2:08-bk-32349-BR (the "Bankruptcy Case"), designated as claim number 141-1 in the Court's registry of claims,

asserting a claim in the amount of $6,368,610.51 ("Claim No. 142-1"), and that the Complaint attaches as Exhibit 4 what purports to be a copy of Claim No. 141-1; denies the remainder of the allegations set forth in paragraph 21 of the Complaint.

22.     Admits that on or about November 12, 2009, Canyon Springs filed a proof of claim executed by Isaac Moradi in the Bankruptcy Case, designated as claim number 142-1 in the Court's registry of claims, asserting a secured claim in the membership interests of Parox LLC held by Plaintiff ("Claim No. 142-1"), and that the Complaint attaches as Exhibit 5 what purports to be a copy of Claim No. 142-1; denies the remainder of the allegations set forth in paragraph 22 of the Complaint.

## FIRST CLAIM FOR RELIEF

23.     Defendant incorporates herein by reference paragraphs 1 through 22, above, in response to paragraph 23 of the Complaint.

24.     Denies each and every allegation of paragraph 24 of the Complaint.

25.     Denies each and every allegation of paragraph 25 of the Complaint.

## SECOND CLAIM FOR RELIEF

26.     Defendant incorporates herein by reference paragraphs 1 through 25, above, in response to paragraph 26 of the Complaint.

27.     Denies each and every allegation of paragraph 27 of the Complaint.

28.     Denies each and every allegation of paragraph 28 of the Complaint.

29.     Denies each and every allegation of paragraph 29 of the Complaint.

## THIRD CLAIM FOR RELIEF

30.     Defendant incorporates herein by reference paragraphs 1 through 29, above, in response to paragraph 30 of the Complaint.

31.     Denies each and every allegation of paragraph 31 of the Complaint.

32.     Denies each and every allegation of paragraph 32 of the Complaint.

33.     Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     Denies each and every allegation of paragraph 34 of the Complaint.

548770v1

### FOURTH CLAIM FOR RELIEF

35. Defendant incorporates herein by reference paragraphs 1 through 34, above, in response to paragraph 35 of the Complaint.

36. Denies each and every allegation of paragraph 36 of the Complaint.

37. Denies each and every allegation of paragraph 37 of the Complaint.

### FIFTH CLAIM FOR RELIEF

38. Defendant incorporates herein by reference paragraphs 1 through 37, above, in response to paragraph 38 of the Complaint.

39. Denies each and every allegation of paragraph 39 of the Complaint.

40. Denies each and every allegation of paragraph 40 of the Complaint.

41. Denies each and every allegation of paragraph 41 of the Complaint.

### SIXTH CLAIM FOR RELIEF

42. Defendant incorporates herein by reference paragraphs 1 through 41, above, in response to paragraph 42 of the Complaint.

43. Denies each and every allegation of paragraph 43 of the Complaint.

44. Denies each and every allegation of paragraph 44 of the Complaint.

### SEVENTH CLAIM FOR RELIEF

45. Defendant incorporates herein by reference paragraphs 1 through 44, above, in response to paragraph 45 of the Complaint.

46. Denies each and every allegation of paragraph 46 of the Complaint.

47. Denies each and every allegation of paragraph 47 of the Complaint.

48. Denies each and every allegation of paragraph 48 of the Complaint.

### EIGHTH CLAIM FOR RELIEF

49. Defendant incorporates herein by reference paragraphs 1 through 48, above, in response to paragraph 49 of the Complaint.

50. Denies each and every allegation of paragraph 50 of the Complaint.

51. Denies each and every allegation of paragraph 51 of the Complaint.

548770v1

1  52. Denies knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

2  53. Denies each and every allegation of paragraph 53 of the Complaint.

### NINTH CLAIM FOR RELIEF

54. Defendant incorporates herein by reference paragraphs 1 through 53, above, in response to paragraph 54 of the Complaint.

55. Denies each and every allegation of paragraph 55 of the Complaint.

56. Denies each and every allegation of paragraph 56 of the Complaint.

### TENTH CLAIM FOR RELIEF

57. Defendant incorporates herein by reference paragraphs 1 through 56, above, in response to paragraph 57 of the Complaint.

58. Denies each and every allegation of paragraph 58 of the Complaint.

59. Denies each and every allegation of paragraph 59 of the Complaint.

60. Denies each and every allegation of paragraph 60 of the Complaint.

### ELEVENTH CLAIM FOR RELIEF

61. Defendant incorporates herein by reference paragraphs 1 through 60, above, in response to paragraph 61 of the Complaint.

62. Denies that Claim No. 141-1 is unenforceable under any agreement or applicable law; neither admits nor denies the remainder of the allegations set forth in paragraph 62 of the Complaint, which purport to state conclusions of law as to which no response is required.

63. Denies each and every allegation of paragraph 63 of the Complaint.

### TWELFTH CLAIM FOR RELIEF

64. Defendant incorporates herein by reference paragraphs 1 through 63, above, in response to paragraph 64 of the Complaint.

65. Denies that Claim No. 142-1 is unenforceable under any agreement or applicable law; neither admits nor denies the remainder of the allegations set forth in paragraph 65 of the Complaint, which purport to state conclusions of law as to which no response is required.

66. Denies each and every allegation of paragraph 66 of the Complaint.

548770v1

### THIRTEENTH CLAIM FOR RELIEF

67. Defendant incorporates herein by reference paragraphs 1 through 66, above, in response to paragraph 67 of the Complaint.

68. Denies each and every allegation of paragraph 68 of the Complaint.

69. Denies each and every allegation of paragraph 69 of the Complaint.

70. The remainder of the Complaint consists of prayers for relief, as to which no response is required. To the extent any portion of the remainder of the Complaint requires a response, Defendant denies.

### FIRST AFFIRMATIVE DEFENSE

71. The Complaint and/or one or more cause of action contained therein fails to state a claim against Defendant on which relief may properly be granted. In particular, there is not a single allegation in the Complaint to support a claim of actual fraud under 11 U.S.C. §§ 544(b) or 548(a)(1)(A), California Civil Code §§ 3439.04(a)(1) or 3439.07, or any other applicable law.

### SECOND AFFIRMATIVE DEFENSE

72. The Complaint and/or one or more cause of action contained therein fails to plead allegations of fraud with requisite particularity. There is no allegation in the Complaint supporting a claim of fraud.

### THIRD AFFIRMATIVE DEFENSE

73. Some or all of the Plaintiff's causes of action are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

74. Some of all of the Plaintiff's causes of action are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

75. Some or all of the Plaintiff's claims and/or the relief sought thereby are barred by laches.

548770v1

### SIXTH AFFIRMATIVE DEFENSE

76. The Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 548(a)(l)(A), in that the Plaintiff will be unable to prove that the obligations incurred and transfers made in connection with the Note, the A&S Agreement, or the Guaranty, or otherwise, were made with actual intent to hinder, delay, or defraud any creditor of the Debtor or the Namvar Family Trust.

### SEVENTH AFFIRMATIVE DEFENSE

77. The Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 548(a)(l)(B), in that the Plaintiff will be unable to prove that the Debtor or the Namvar Family Trust received less than reasonably equivalent value in exchange for making the transfers or incurring the obligations in connection with the Note, the A&S Agreement, or the Guaranty, or otherwise.

### EIGHTH AFFIRMATIVE DEFENSE

78. The Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 548(a)(l)(B) in that the Plaintiff will be unable to prove that the Debtor or the Namvar Family Trust was insolvent when the transfers were made or obligations were incurred in connection with the Note, the A&S Agreement, or the Guaranty, or otherwise, were rendered insolvent as a result of the transfers or obligations, possessed unreasonably small capital, or intended or believed they would incur debts beyond their ability to pay such debts as they matured.

### NINTH AFFIRMATIVE DEFENSE

79. The Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(1) and 3439.07 in that Plaintiff will be unable to prove that the obligations incurred and transfers made in connection with the Note, the A&S Agreement, or the Guaranty, or otherwise, were made with actual intent to hinder, delay, or defraud any creditor of the Debtor or the Namvar Family Trust.

### TENTH AFFIRMATIVE DEFENSE

80. The Plaintiff's claims are barred, in whole or in part, by California Civil Code §§ 3439.04(a)(2) and 3439.07 in that the Plaintiff will be unable to prove that: (1) the Debtor or the Namvar Family Trust received less than reasonably equivalent value in exchange for the transfers

9

548770v1

made and obligations incurred in connection with the Note, the A&S Agreement, or the Guaranty, or otherwise,; (2) the Debtor or the Namvar Family Trust were engaged, or about to engage, in a business or transaction for which their remaining assets would be unreasonably small in relation to the business or transaction; or (3) the Debtoror the Namvar Family Trust intended to incur, or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

### ELEVENTH AFFIRMATIVE DEFENSE

81. The Plaintiff's claims are barred, in whole or in part, by California Civil Code § 3439.05 in that the Plaintiff will be unable to prove that: (1) the Debtor or Namvar Family Trust received less than reasonably equivalent value in exchange for the transfers made and obligations incurred in connection with the Note, the A&S Agreement, or the Guaranty, or otherwise; or (2) the Debtor or Namvar Family Trust was insolvent at the time that the transfers were made and obligations incurred in connection with the Note, the A&S Agreement, or the Guaranty, or otherwise, or was rendered insolvent as a result of such transfers and obligations.

### TWELFTH AFFIRMATIVE DEFENSE

82. The Plaintiff's claims are barred, in whole or in part, because of 11 U.S.C. § 548(c) and relevant provisions of the Uniform Fraudulent Transfer Act under California law. Specifically, Canyon Springs took the transfers and obligations in connection with the Note, the A&S Agreement, and the Guaranty in good faith for value without knowledge of their alleged avoidability or fraudulent nature and has a lien on or may retain any interest transferred.

### THIRTEENTH AFFIRMATIVE DEFENSE

83. Some or all of the Plaintiff's claims are barred in whole or in part because Canyon Springs did not have the requisite intent and/or knowledge required to establish the Plaintiff's claims for fraudulent transfer under title 11 of the United States Code or California law. Canyon Springs acted in good faith and in accordance with reasonable business judgment.

### FOURTEENTH AFFIRMATIVE DEFENSE

84. Some or all of the Plaintiff's claims are barred in whole or in part because the Debtor received benefits that constituted reasonably equivalent value in consideration for the

obligations incurred, or transfers made, in connection with the Note, the A&S Agreement, and the Guaranty. On information and belief, the Debtor and his related entities shared an identity of ownership and interest, such that benefits provided to any one affiliated entity conveyed a benefit on the collective group and the Debtor, whether under principles of alter ego or otherwise.

**PRESERVATION OF FUTURE DEFENSES**

57.     Defendant, after completion of discovery, may be entitled to one or more additional defenses provided by the Bankruptcy Code, Rule 8 of the Federal Rules of Civil Procedure, Rule 9 of the Federal Rules of Civil Procedure, and/or applicable law, and to the extent that discovery in this matter provides a reasonable basis for any such defense, Defendant reserves the right to amend this Answer to assert any such additional affirmative defenses.

**WHEREFORE**, Canyon Springs prays for the following relief:

1.    With respect to the Complaint, that the Plaintiff's claims be dismissed with prejudice and that the Plaintiff take nothing;

2.    That the Plaintiff's objections to Claim Nos. 141-1 and 142-1 be overruled and that Claim Nos. 141-1 and 142-1 be deemed allowed claims;

3.    For an award of costs and attorneys fees in Defendant's favor;

4.    For such other and further relief as this Court deems just and proper.

DATED this 9th day of March 2011.

>STUTMAN, TREISTER & GLATT
>PROFESSIONAL CORPORATION
>Jeffrey H. Davidson, and
>H. Alexander Fisch
>
>By:   */s/H. Alexander Fisch*
>          Attorneys for Defendant

11

548770v1